```
                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF OHIO
```

CLARENCE ATKINSON, SR.,           )    CASE NO. 1:08 CV 2456
                                  )
      Plaintiff,                  )    JUDGE DAN AARON POLSTER
                                  )
   v.                             )
                                  )    <u>MEMORANDUM OF OPINION</u>
STATE OF OHIO, et al.,            )    <u>AND ORDER</u>
                                  )
      Defendants.                 )

       On October 16, 2008, plaintiff <u>pro se</u> Clarence Atkinson, Sr. filed this 42 U.S.C. § 1983 action against the State of Ohio. The statement of claim portion of the complaint contains only one word: "stalking." For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

       A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; <u>Siller v. Dean</u>, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000)

       Principles requiring generous construction of <u>pro se</u> pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either

direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudette*, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id*.

Even liberally construed, the complaint does not contain allegations reasonably suggesting plaintiff might have a valid federal claim. *See*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief)

Accordingly, this action is dismissed under section 1915A. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                               /s/Dan Aaron Polster 12/8/08
                                              DAN AARON POLSTER
                                              UNITED STATES DISTRICT JUDGE